MILLEDGE, STANLEY, Associate Judge.
Lowell-Barry, Inc., by assignment, became the lessee of a parcel of land owned by Franklyn S. Inc. Lowell-Barry assigned its lease to Emanuel M. Finkel. As part of this transaction Lowell-Barry placed $1,500 in escrow to indemnify Finkel against any claim of Franklyn S. Inc. 'because of breaches of covenant in the lease, other than rent, the fund to be returned to Lowell-Barry if not needed for the stated purpose. Later Lowell-Barry assigned its interest in the fund to Goldm Lowell. Franklyn S. refused to certify the absence of defaults and claimed a default in failing to keep in repair which required $4,405 to remedy. Finkel and Lowell called on the escrow agent, Kneale, not to pay the fund without express approval.
The escrow holder interpleaded the fund. Franklyn S. asserted a claim to the fund “under the terms of the lease for damages suffered.” Goldie Lowell claimed the fund because “Finkel suffered no damage”. Originally Finkel claimed the fund but by amendment alleged that pending the suit he had acquired title to the land from Franklyn S. and “that he has suffered no damages as a result of any violation of any of the terms, covenants and conditions of the lease referred to herein”; that the only purpose of tire escrow agreement was to indemnify, partially, Finkel from the contingencies stated in the agreement and “that the reason and purpose for the said escrow agreement ceased to exist when the defendant (Finkel) acquired fee title to the *778 property.” He prayed an order awarding the $1,500 to Goldie Lowell.
While conveyance of the fee to Finkel from Franklyn S. may not, as a matter of law, have terminated any cause of action which the latter may have had against the former for breach of covenant to‘ keep in repair (see Annotation at 34 A.L.R. 782), we are not concerned with what caused Mr. Finkel to be satisfied with his position but only in the fact that he was satisfied and renounced any claim that the fund be kept intact for his protection and prayed payment to Goldie Lowell.
Lowell-Barry created a fund to indemnify Finkel against loss on a claim by Frank-lyn. It did not create a fund for the satisfaction of any judgment which Franklyn might obtain against Finkel. The only proper claimants were Goldie Lowell and Finkel. It necessarily follows that Frank-lyn could not use the interpleader suit as a means of litigating its possible causes of action on breach of the lease covenants against Lowell-Barry, Finkel, or both. The present proceedings do not purport to decide whether such causes of action exist. Franklyn S. Inc. has no right to the' fund and so has no interest in the circumstance that Goldie Lowell was entitled to a judgment on the pleadings rather than a summary judgment.
Affirmed.
PEARSON, Acting Chief Judge, and CARROLL, CHAS., J., concur.